719 S.E.2d 675

**In the Matter of W. Benjamin McCLAIN, Jr., Respondent.**

**No. 27078.**

Supreme Court of South Carolina.

Submitted Nov. 21, 2011.

Decided Dec. 19, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Bogan Law Firm, of Columbia, for respondent.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed two (2) years, retroactive to March 13, 2007, the date of his interim suspension. *In the Matter of McClain,* 372 S.C. 518, 643 S.E.2d 680 (2007). In addition, respondent agrees to complete the Legal Ethics and Practice Program Ethics School within one year of the imposition of a sanction and to make full restitution to the Lawyers' Fund for Client Protection (Lawyers' Fund). We accept the Agreement and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. Respondent shall complete the Legal Ethics and Practice Program Ethics School within one year of the date of this opinion and shall make full restitution to the Lawyers' Fund. The facts, as set forth in the Agreement, are as follows.

## FACTS

On March 9, 2007, respondent was arrested and charged with Breach of Peace–Aggravated Nature. The charge was later remanded to municipal court. Ultimately, the State entered a nolle prosequi on the misdemeanor charge. ODC acknowledges criminal conduct could not be established.

Respondent has suffered from depression for a number of years and has been under treatment for the condition. In May of 2004, respondent suffered a massive heart attack that affected his ability to work. In addition, his wife had major health problems which strained the family's finances.

Respondent's wife worked as a bookkeeper at respondent's law office. Respondent gave a copy of Rule 417, SCACR, to his accountant and believed his wife and accountant were properly reconciling his trust account. Respondent acknowledges, however, that he failed to properly supervise his wife in her handling of his accounts and failed to ensure that his firm was operating in compliance with the provisions of Rule 417, SCACR. He further admits he was not properly reconciling his trust account in accordance with the requirements of Rule 417, SCACR.

As a result of his failure to properly supervise his wife/employee, respondent's wife was able to embezzle in excess of $75,000 of client funds from respondent's trust account over a period of years. Respondent's wife claims she took the funds to keep their household running and that she kept her misdeeds from respondent due to his heart problems. The Lawyers' Fund has paid claims to respondent's clients totaling $80,999.65.

At some point, respondent received an email from a client. The email claimed respondent's wife was having an affair and accused her of stealing trust account funds. Initially, respondent did not believe the assertions but subsequently learned them to be true.

Counsel advised respondent to remove his wife from the office.[1] Respondent submits that before he could take any action in removing her or determining the truth about the funds, he was placed on interim suspension.

---

1. Respondent and his wife are now estranged.

Respondent has been receiving medical treatment. The physician has cleared respondent medically to return to practice.

## LAW

Respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall safe keep client property) and Rule 5.3 (lawyer possessing managerial authority in law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that non-lawyer employee's conduct is compatible with professional obligations of lawyer and shall make reasonable efforts to ensure non-lawyer employee's conduct is compatible with professional obligations of lawyer). He further admits he violated provisions of Rule 417, SCACR. Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (it is ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. Respondent shall complete the Legal Ethics and Practice Program Ethics School within one year of the date of this opinion and shall make full restitution to the Lawyers' Fund.[2] Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

2. Within thirty (30) days of the date of this opinion, the Lawyers' Fund and respondent shall enter into a payment plan setting forth the terms by which respondent shall repay the Lawyers' Fund for all funds paid on his behalf.